No. 19,100.

THE ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Appellant*, v. IKE S. LEWIS, as State Superintendent of Insurance, etc., *Appellee.*

SYLLABUS BY THE COURT.

FIRE MARSHAL'S DEPARTMENT — *Maintenance* — *Tax Collectible from Fire Insurance Receipts Only.* In the statute which authorizes a tax for the maintenance of the department of a state fire marshal to be imposed upon each fire insurance company doing business in Kansas, not to exceed a certain percentage of "the gross cash receipts as premiums of such company on all business transacted by it in the state," the receipts referred to are those resulting from insurance against losses by fire, and do not include premiums on policies insuring only against other risks, although issued by companies which also write fire insurance.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed December 12, 1914. Reversed.

*E. L. Foulke, C. A. Matson,* and *J. D. Wall,* all of Wichita, for the appellant.

*John S. Dawson,* attorney-general, and *S. N. Hawkes,* assistant attorney-general, for the appellee.

The opinion of the court was delivered by

MASON, J.: The legislature of 1913 created the office of state fire marshal, and provided that for the purpose of maintaining his department he might levy an annual tax on each "fire insurance company" doing business in the state, not to exceed "three-eighths of one per cent of a sum equal to the gross cash receipts as premiums of such company on all business transacted by it in the state of Kansas during the year next preceding." (Laws 1913, ch. 312, § 13.) The St. Paul Fire & Marine Insurance Company, besides insuring against fires, writes hail, tornado and marine insurance. A tax was levied against it upon the basis of the total business done by it in the state. It paid the full amount, protesting, however, that it was liable only upon the basis of its receipts from premiums received on account of policies issued which insured against fire. It then sued to recover the amount it contended to be illegal. A demurrer to its petition was sustained, and it appeals.

The whole controversy is as to the meaning of the words "on all business transacted by it in the state of Kansas during the year next preceding." The state contends that they are too plain to require interpretation; that there is no escape from their literal import— that fire insurance companies are to pay the prescribed tax based on the amount received for all the insurance written by them, whatever the character of the risk insured against. The plaintiff maintains that the tax should be calculated upon the amount derived from the issuance of policies which insure against loss by fire. Obviously the reason why fire insurance companies were singled out, and why they, and no others, were subjected to the payment of this tax, was because the maintenance of the department of the fire marshal was regarded as conferring a special benefit upon them, not shared by others, through the reduction in the losses occasioned by fires. Apart from any question of the

power of the legislature to impose such a peculiar bur-
den in the absence of any compensating benefit, it is
clear that the two matters were in fact associated in
the mind of the draftsman of the bill. Interpreting the
entire act in accordance with its spirit as evidenced
by the portions of the section quoted, we think it must
be said that the legislature intended the tax to be meas-
ured by the amount of premiums received by fire in-
surance companies from their business as such, that
is, from writing policies which insured against fire.
Fire insurance is a distinct line of business. A com-
pany engaged in it may also, where no legal obstacle
exists, write insurance against hail or tornadoes, or
engage in any other business; but when it does so it is
not, strictly speaking, operating as a *fire* insurance com-
pany. The distinction would be immaterial for many
purposes. But it is very important where losses by fire
are an essential element of the matter under considera-
tion, as in this case. We conclude that the demurrer
to the petition should be overruled.

We think this conclusion justified on the grounds al-
ready stated, but it is reinforced by other considera-
tions. In several states statutes of substantially similar
phraseology have been in force for some years. It is
said in the plaintiff's brief that under none of them has
an attempt ever been made to tax the business of hail,
tornado or marine insurance, so far as counsel have
learned, although the scope of the inquiry made is not
indicated. In the state's brief no instance to the con-
trary is cited. The practical prior construction given
to the law elsewhere is not controlling, but is a matter
to be weighed in determining the intent of the Kansas
legislature. Again, plausible objections upon constitu-
tional grounds can be made to an attempt to tax the
proceeds of hail, tornado or marine insurance, to sus-
tain a department devoted to the reduction of losses
by fire, and it is said (although the doctrine seems
questionable) that "where a statute is susceptible of
two constructions, by one of which grave and doubtful

constitutional questions arise, and by the other of which such questions are avoided," the duty of the court is to adopt the latter. (*United States v. Delaware & Hudson Co.*, 213 U. S. 366, 408.)

The judgment is reversed, with directions to overrule the demurrer to the petition.